1  Kevin J. McInerney, Esq., SBN 46941
   Kelly McInerney, Esq., SBN 200017
2  Charles A. Jones, Esq., SBN 224915
   MCINERNEY & JONES
3  18124 Wedge Parkway #503
   Reno, NV 89511
4  Telephone:  (775) 849-3811
   Facsimile:  (775) 849-3866
5
   James F. Clapp, Esq.  SBN 145814
6  DOSTART CLAPP & COVENEY LLP
   4370 La Jolla Village Dr., Suite 970
7  San Diego, CA 92122
   Telephone:  (858) 623-4200
8  Facsimile:  (858) 623-4299
9  Matthew Righetti, Esq. (121012)
   RIGHETTI GLUGOSKI, P.C.
10 456 Montgomery St., Suite 1400
   San Francisco, CA 94101
11 Telephone:  (415) 983-0900
   Facsimile:  (415) 397-9005
12
   *Attorneys for Intervenor* NYKEYA KILBY
13

14              UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16 CHAD AARON BERKE, individually         CASE NO. 11-CV-03388-SVW-JEM
   and on behalf of all others similarly
17 situated,                              **REPLY MEMORANDUM OF
                                          PROPOSED INTERVENOR
18                                        NYKEYA KILBY RE MOTIONS TO
                Plaintiff,                INTERVENE AND DISMISS**
19
   v.
20                                        Date:        September 12, 2011
21                                        Time:        1:30 p.m.
                                          Courtroom:  6
22 CVS PHARMACY, INC.,
                                          Hon. Stephen V. Wilson
23              Defendant.

24

25

26

27

28

   REPLY MEMORANDUM OF PROPOSED INTERVENOR
   NYKEYA KILBY RE MOTIONS TO INTERVENE AND DISMISS        11-CV-03388-SVW-JEM

1

## TABLE OF CONTENTS

I.   CVS AND ITS COUNSEL VIOLATED THE
     LOCAL RULES OF TWO DISTRICTS IN CONCEALING
     THE EXISTENCE OF DUPLICATIVE ACTIONS…………..   1

II.  BERKE IS NOT CONTESTING DISMISSAL……………….   4

III. IT IS INCORRECT THAT *BERKE* IS MORE
     ADVANCED THAN *KILBY*…………………………..…   4

IV.  THIS COURT CAN DISMISS *BERKE* ON THIS RECORD…   6

V.   IN ANY EVENT, KILBY MEETS ALL THE CRITERIA
     FOR INTERVENTION…………………………………...   8

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY MEMORANDUM OF PROPOSED INTERVENOR
NYKEYA KILBY RE MOTIONS TO INTERVENE AND DISMISS      11-CV-03388-SVW-JEM

# TABLE OF AUTHORITIES

## Federal Authorities

*Arias v. Superior Court*
46 Cal.4[th] 969 (2009); 95 Cal.Rptr.3d 588............................ 5, 8

*Church of Scientology of California v.*
*United States Dept. of the Army*
(9th Cir. 1980) 611 F.2d 738.............................................. 8

## California Statutes

Labor Code §2699(i)....................................................... 8

Labor Code §2699(f)(2).................................................. 8

Wage Order 7-2001, §14.................................................. 4

## District Court Local Rules

Central District Local Rule 7.1....................................... 1, 6

Southern District Local Rule 40.1.................................... 1, 6

REPLY MEMORANDUM OF PROPOSED INTERVENOR
NYKEYA KILBY RE MOTIONS TO INTERVENE AND DISMISS            11-CV-03388-SVW-JEM

# I.
## CVS AND ITS COUNSEL VIOLATED THE LOCAL RULES OF TWO DISTRICTS IN CONCEALING THE EXISTENCE OF DUPLICATIVE ACTIONS

Michael Weil, counsel for CVS, states in the first footnote of his Opposition that he had "no duty under the Federal Rules or the local rules to inform the Court of *Kilby*." Doc. 30, p. 4, fn. 1. However, Local Rule 7.1 requires all non-governmental parties to:

> "file with their first appearance an original and two copies of a Notice of Interested Parties which shall list <u>all</u> persons, associations of persons, firms, partnerships and corporations (including parent corporations clearly identified as such) which <u>may have</u> a <u>pecuniary interest</u> in the outcome of the case."
>
> (emphasis added)

Proposed Intervenor Nykeya Kilby certainly has a pecuniary interest in the outcome of the *Berke* action because, as defendant concedes, she stands to recover statutory penalties. An examination of the *Berke* docket shows that the Certification and Notice of Interested Parties (Local Rule 7.1-1) filed on April 20, 2011 by Michael Weil contains no mention of the *Kilby* action which Mr. Weil had been actively defending for two years. Doc. 2. Beyond Local Rule 7.1, of course, there is an old fashioned rule that attorneys are to be candid in their dealing with courts.

Under Local Rule 40.1(e) of the Southern District of California, CVS had a duty and obligation immediately upon service of the *Berke* action to disclose its existence to not only the Southern District, but to counsel in both cases. Local Rule 40.1(e) reads as follows:

1

REPLY MEMORANDUM OF PROPOSED INTERVENOR
NYKEYA KILBY RE MOTIONS TO INTERVENE AND DISMISS        11-CV-03388-SVW-JEM

**Notice of Related Case, Duties of Counsel.** Whenever counsel has reason to believe that a pending action or proceeding on file in this or any <u>other federal</u> or <u>state court</u> (whether pending, dismissed, or otherwise terminated), counsel must promptly <u>file</u> and serve <u>on all known parties</u> to each related action or proceeding a notice of related case, stating the title, number and filing date of each action or proceeding believed to be related, together with a brief statement of their relationship and the reasons why assignment <u>to a single district judge</u> is or is not likely to effect a saving of judicial effort and other economies. The clerk will promptly notify the court of such filing. This is a <u>continuing duty</u> that applies not only when counsel files a case with knowledge of a related action or proceeding but also applies after the date of filing whenever counsel <u>learns of</u> a related action or proceeding.

(emphasis added)

Counsel for CVS certainly learned of the *Berke* suit after it was filed in the Superior Court in late January. Yet no notice of related case has ever been filed in the Southern District by CVS (the docket sheet in *Kilby* was attached to her moving papers as Exhibit J to the Declaration of Kevin J. McInerney).

The reason, of course, that CVS's counsel suffered an ethical lapse and violated the local rules of <u>two</u> districts is that they are hell bent to take advantage of Mr. Berke, an inadequate class representative, and his copycat counsel. The extent to which they would go is seen in the weasel wording in the declaration of attorney Weil. To claim that Kilby's motions are untimely, Mr. Weil states at paragraph 17:

> "In or around April 2011, I had a conversation with Marita Lauinger, counsel for Kilby, about the *Kilby* case. I mentioned to Ms. Lauinger that other law firms were filing similar suitable seats actions against the same defendants and the complaints looked similar to the Kilby complaint. Ms. Lauinger acknowledged that she was aware of them." Doc. 30-1, ¶17.

2

REPLY MEMORANDUM OF PROPOSED INTERVENOR
NYKEYA KILBY RE MOTIONS TO INTERVENE AND DISMISS       11-CV-03388-SVW-JEM

1    Parse his language carefully and one sees attorney Weil never says that he

2    actually told one of the *Kilby* attorneys that another action was pending in a

3

4    particular court alleging seating violations <u>against CVS</u>, or that this case was *Berke*,

5    or that CVS was in the process of removing it to the Central District, or that Berke's

6    attorney was one Carney Shegerian of Los Angeles.  Mr. Weil's statement is a

7

8    minor monument to the kind of weasel wording that causes lawyers to be held in

9    poor regard.  Certainly, Ms. Lauinger didn't glean much from his ambiguous

10
     comment:
11

12    "Since he did not mention any specific case, I understood his
      comment simply to note that the area of law had been expanding
13    beyond those cases filed by my firm and my co-counsel... None of
      CVS Pharmacy's attorneys, Weil, Long, or Moss ever advised me
14    that the *Berke v. CVS Pharmacy, Inc.* case was pending."
      Declaration of Marita M. Lauinger, ¶¶2, 3.
15

16
      The repeated use of the plural by attorney Weil provides confirmation of her
17

18    recollection:

19    "In or around April 2011, I had a conversation with Marita
      Lauinger, counsel for Kilby, about the Kilby case.  I mentioned to
20    Ms. Lauinger that other law firm<u>s</u> <u>were</u> filing similar suitable seats
      action<u>s</u> a gainst the same defendant<u>s</u> a nd the complaint<u>s</u> l ooked
21    similar to the Kilby complaint.  Ms. Lauinger acknowledged that
      she was aware of <u>them</u>."   Doc. 30-1, ¶17.
22

23

24    Only <u>one</u> firm, Shegerian & Associates, Inc., not multiple firms, had filed <u>an</u> action

25    against CVS, a single defendant.

26
      \\\
27
      \\\
28
                                       3

## II.
## BERKE IS NOT CONTESTING DISMISSAL

Counsel for Mr. Berke has filed in response to Ms. Kilby's motion a statement of non-opposition to a stay of the Berke suit (Doc. 33).  Just as Mr. Shegerian did in *Rodriguez v. Target*, counsel for Berke does not file any opposition to Kilby's motion to dismiss. *Rodriguez v. Target Corporation*, Case No. 11-CV-04628 SVW (JCx).

Beyond this, Mr. Shegerian has sent to one of Kilby's counsel an e-mail explaining that he is seeking to dismiss *Berke*: "We offered to dismiss the Berke matter without prejudice in exchange for a waiver of costs but defendant has not agreed to the same as of the present date." Ex. A to McInerney Declaration.

The fact that counsel for CVS has not accepted a <u>dismissal</u> by Mr. Berke confirms their motive for concealing *Kilby*.  The fact that Mr. Shegerian sent this e-mail to one of Ms. Kilby's counsel is perhaps more puzzling.

## III.
## IT IS INCORRECT THAT *BERKE* IS MORE ADVANCED THAN *KILBY*

CVS Counsel has rushed in *Berke* to file a motion for summary judgment motion showing that Mr. Berke is ill suited as a shift supervisor to represent employees whose "nature of work" would reasonably allow the use of a seat (Wage Order 7-2001, §14) and that Mr. Shegerian is not particularly well suited to represent a federal class.  It appears that virtually no discovery has been done beyond Berke's own deposition, and no dispensation has been given from Local

4

REPLY MEMORANDUM OF PROPOSED INTERVENOR
NYKEYA KILBY RE MOTIONS TO INTERVENE AND DISMISS          11-CV-03388-SVW-JEM

Rule 23-3, and Berke's counsel believes Rule 26 disclosures are to be filed with the court (Doc. 10).

CVS wants summary judgment against Mr. Berke not so much to end his individual claim, but to end *Kilby*. Any grant of summary judgment will likely impact that class Kilby seeks to represent. The California Supreme Court has made clear that because an aggrieved employee acts only as an agent or proxy of the State under PAGA, any judgment will be binding upon the State and <u>all</u> other aggrieved employees:

> "As we will explain, a representative action brought by an aggrieved employee under the Labor Code Private Attorneys General Act of 2004 does not give rise to the [one way intervention] due process concerns that defendants have expressed, because the judgment in such an action is binding not only on the named employee plaintiff but also on government agencies and any aggrieved employee not a party to the proceeding." *Arias v. Superior Court*, 46 Cal.4th 969, 985 (2009); 95 Cal.Rptr.3d 588, 600.

Although CVS takes the position that "Kilby has no protectable interest and disposition of this action will not impair or impede her ability to protect any interest" (Opposition, page 6, lines 17-18), it later contradicts this by admitting that Kilby's motion to intervene and dismiss is an attempt "to prevent a potentially dispositive ruling that may foreclose her case." (Doc. 30, p. 10:13-14).

To evade dismissal under the first-to-file rule, counsel for CVS distorts the comparative status of the two cases. After Judge Lorenz issued his lengthy opinion denying CVS's motion to dismiss in *Kilby* (Ex. B to McInerney Declaration), CVS

REPLY MEMORANDUM OF PROPOSED INTERVENOR
NYKEYA KILBY RE MOTIONS TO INTERVENE AND DISMISS       11-CV-03388-SVW-JEM

1   has thwarted discovery, as explained by Marita Lauinger in her declaration (¶6).

2   And with respect to the claim that *Kilby* counsel somehow prevented CVS from

3   pursuing summary judgment, that is obviously beyond plaintiff's control and,

4   actually, in February, Judge Bencivengo, "advised Mr. Weil that if CVS Pharmacy

5   

6   wanted to file a motion for summary judgment before Plaintiff filed her motion for

7   class certification, it was not precluded from doing so." Lauinger Declaration, ¶5.

8   

9   "To date, CVS has not filed a motion for summary judgment in *Kilby v. CVS*

10  *Pharmacy, Inc.*" *Id.* CVS has thus delayed the *Kilby* action and has chosen instead

11  to file a motion for summary judgment in *Berke*. This certainly smacks of forum

12  

13  shopping, especially in view of failures to comply with Local Rule 40.1(e) of the

14  Southern District and Local Rule 7.1 of this District.

15  

16  

**IV.**

**THIS COURT CAN DISMISS *BERKE* ON THIS RECORD**

17  

18  Counsel for Kilby would respectfully suggest that, on the record before it, the

19  Court may dismiss *Berke* under the first-to-file doctrine without a hearing and

20  without reaching the issue of intervention. The existence of the *Kilby* case, filed

21  

22  fifteen months before *Berke*, is established. Judge Lorenz has long ago addressed a

23  motion to dismiss and there is a detailed scheduling order in *Kilby* by Judge

24  Bencivengo. Numerous depositions have occurred and Kilby is to file her motion

25  

26  for class certification on or before October 3, 2011. Indeed, a pre-certification

27  notice was mailed to many *Kilby* class members months ago. See, Ex. K to the

28  

---

6

1  Declaration of Kevin J. McInerney filed with Kilby's moving papers.  The record

2  also establishes that the *Berke* complaint is virtually a carbon copy of *Kilby*,[1] that

3  Berke does not oppose a stay and, in fact, has been attempting to dismiss.

4      Finally, the Court has been played by CVS's counsel.  Local rules of this

6  District and the Southern District were disregarded to allow forum shopping.  CVS's

7  counsel doesn't want their client dismissed from the *Berke* action; they want to use

8  this Court for whatever they can.  "The purpose of the "first to file" rule is to

9

10  promote judicial efficiency and should not be taken lightly."  *Herman v.*

11  *Yellowpages*, 2011 U.S. Dist. LEXIS 47676 *6.  "Absent compelling circumstances

12

13  that justify departure from the rule, the first-filing party should be permitted to

14  proceed without concern about a conflicting order being issued in the later-filed

15

16  action."  *Id.*  "However, a court may still determine the rule should not be applied

17  based on equitable considerations, such as, where the first action was filed merely as

18  a means of forum shopping or was filed in bad faith."  *Id.*  See also, *Alltrade, Inc. v.*

19

20  *Uniweld Products, Inc.*, (9th Cir. 1991) 946 F.2d 622, 627-28.  It is the exceptional

21  case where the first-to-file rule is not honored.  The Ninth Circuit made such an

22

23  exception where the second filed case had proceeded through trial, appeal, and

---

24  [1] Kilby's Proposed Complaint-in-Intervention at Page 3, ¶6, sets forth a class

25  definition that is just as broad as the class definition in *Berke*.[1]  More importantly,
    the statutory class period in *Kilby* is almost three years, whereas the class period in

26  *Berke* is only eighteen months.  The *Kilby* Proposed Complaint-in-Intervention also

27  seeks injunctive relief at page 13, ¶32.

28

REPLY MEMORANDUM OF PROPOSED INTERVENOR
NYKEYA KILBY RE MOTIONS TO INTERVENE AND DISMISS       11-CV-03388-SVW-JEM

1    remand. *Church of Scientology of California v. United States Dept. of the Army*, (9th

2    Cir. 1980) 611 F.2d 738, 450.  But in *Berke*, we hardly have such a scenario.

3    Indeed, the application of the doctrine would free this Court of even addressing

4    

5    summary judgment.

6    

7    **V.**
**IN ANY EVENT, KILBY MEETS ALL THE**

8    **CRITERIA FOR INTERVENTION**

9    Defendant argues that that Kilby has "no protectable interest or substantive

10   rights at stake." (Opp., p. 1, lines 22-28 and pages 6, line 19 through page 7, line

11   

12   6).  CVS supports this by lifting out of context a quote in the *Arias* decision in a

13   section where the Supreme Court was addressing a defendant's due process

14   concerns regarding one way intervention.  The Labor Code clearly does create a

15   

16   financial interest in the outcome of a PAGA suit.  Labor Code §2699(f)(2) provides:

17   "The civil penalty is one hundred dollars ($100) for each aggrieved employee per

18   pay period…"  Subsection (i) provides that: "Civil penalties recovered by aggrieved

19   

20   employees shall be distributed… 25% to the aggrieved employees."  It is clear,

21   therefore, that PAGA does create a financial stake in which aggrieved employees

22   have an interest.  It is also clear that Ms. Kilby's individual claim and the claims of

23   

24   class members she is duty bound to represent are likely to be extinguished by Mr.

25   Berke's improvident complaint if intervention is not permitted.  Ms. Kilby is not just

26   some random employee seeking to create mischief via intervention.  She filed her

27   

28   action over two years ago, hired counsel experienced in this area of law, has served

8

1  her class, and would be remiss in her fiduciary duties if she did not seek to

2  intervene.  What really is at stake are not simply the civil penalties of $100 per pay

3

4  period she can recover, but the millions that the State and other workers may

5  recover.

6          Contrary to the Opposition's assertion (at page 8:12-24) that Kilby cites only

7

8  to an allegation of copycatting as evidence of inadequacy, Kilby cited very specific

9  examples.  Doc. 25, p. 9:4-10:15.  The now apparent willingness of Mr. Berke to

10

11  dismiss his suit in exchange for a waiver of costs (which cannot be large) is further

12  grounds for allowing intervention, assuming this Court declines the dismiss under

13  the first-to-file doctrine.

14          With respect to the CVS objection that Ms. Kilby's motion to intervene is

15

16  somehow untimely, we would simply note that it ill behooves one who disregarded

17  not a local rule, but the local rules of two districts regarding disclosure to raise such

18  a point.  At the scheduling conference before this Court on June 20, 2011, did

19

20  counsel for CVS really think the scheduling of their intended summary judgment

21  motion would have been unaffected had they said, "And by the way, there's this

22  virtually identical case that's been going on in front of Judge Lorenz down in San

23

24  Diego…"?

25  Dated: September 2, 2011                    Respectfully submitted,
                                              MCINERNEY & JONES
26

27                                              s/ Kevin J. McInerney
                                              Kevin J. McInerney
28
                                        9

REPLY MEMORANDUM OF PROPOSED INTERVENOR
NYKEYA KILBY RE MOTIONS TO INTERVENE AND DISMISS      11-CV-03388-SVW-JEM